**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

POUYA GOLESTANEH,
Petitioner,
v.
MARKWAYNE MULLIN, Secretary of the Department of Homeland Security, et al.,
Respondents.

Case No.: 26cv5064 DMS (DEB)

**ORDER GRANTING PETITION**

This case comes before the Court on the Petition for Writ of Habeas Corpus. Respondents filed a Return to the Petition, and Petitioner filed a Traverse. For the following reasons, the Petition is granted.

Petitioner is a citizen and national of Iran. (Pet. at 1.) He lawfully entered the United States on a visa in 2012. (*Id.*) He later became a conditional lawful permanent resident as the spouse of a U.S. Citizen. (*Id.*) Before Petitioner could remove the conditions on his permanent residency, he and his spouse divorced. (*Id.* at 2.) Petitioner received a temporary green card for a number of years while his petition to remove the conditions was pending, but in 2025 the Department of Homeland Security ("DHS") refused to issue Petitioner another green card and instead placed him in removal proceedings. (*Id.*)

DHS sent Petitioner a Notice to Appear for those removal proceedings, but it was sent to Petitioner's previous address and he did not receive it. (*Id.*) On January 26, 2026, an immigration judge ("IJ") ordered Petitioner removed in absentia. (*Id.*) Petitioner filed a motion to reopen his order of removal, which the IJ denied on May 11, 2026. (*Id.*)

On May 31, 2026, Petitioner was driving for Uber and entered Camp Pendleton, where he was detained by officers of Immigration and Customs Enforcement ("ICE"). *Golestaneh v. LaRose*, Case No. 26cv3588 DMS (SBC), ECF No. 6 at 2. On June 17, 2026, Petitioner filed his first case in this Court challenging his detention. *Id.*, ECF No. 1. In their response to that petition, Respondents argued Petitioner was properly detained under 8 U.S.C. § 1231(a), therefore the petition should be denied. The Court agreed with Respondents' argument, and denied that petition. *Id.*, ECF No. 6.

A few days later, the Board of Immigration Appeals ("BIA") issued its decision on Petitioner's appeal of the IJ's order denying Petitioner's motion to reopen his order of removal. (Pet., Ex. B.) The BIA remanded "the matter to the Immigration Judge to determine whether [Petitioner] had actual notice or can be charged with notice of the [Notice to Appear]." (*Id.*) The BIA also "denied as moot" Petitioner's motion for a stay of removal. (*Id.*)

A little more than a month later, Petitioner filed the present case. Here, Petitioner argues his continued detention violates *Zadvydas v. Davis*, 533 U.S. 678 (2001), and 8 U.S.C. § 1231.[1] Respondents argue Petitioner is no longer subject to a removal order in light of the BIA's decision, therefore the Petition should be denied.

The parties agree Petitioner's in absentia removal order became final on January 26, 2026. The issue here is whether the BIA's August 3, 2026 decision affected the finality of that removal order. Petitioner argues it did not, and in support of that argument, he relies

[1] Petitioner also asks that the Court prohibit Respondents from transferring him to a third country without adequate procedural safeguards. There is no evidence before the Court that Respondents are seeking to remove Petitioner to a third country. Accordingly, the Court denies Petitioner's request as moot.

on 8 C.F.R. § 1241.1(e). That regulation states "[a]n order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final: … (e) If an immigration judge orders an alien removed in the alien's absence, immediately upon entry of such order[.]" 8 C.F.R. § 1241.1(e).

Respondents argue the BIA's decision negated the finality of Petitioner's removal, and in support of that argument they rely on 8 C.F.R. § 1241.1(a). That regulation states a removal order becomes final "[u]pon dismissal of an appeal by the Board of Immigration Appeals[.]" 8 C.F.R. § 1241.1(a). The problem with Respondents' argument, however, is two-fold. First, Petitioner did not appeal his removal order. Instead, Petitioner appealed the IJ's denial of his motion to reopen proceedings, and the Ninth Circuit has held that a motion to reopen proceedings does not affect the finality of a removal order. *Pablo v. I.N.S.*, 72 F.3d 110, 112-13 (9th Cir. 1995). Second, the BIA did not dismiss Petitioner's appeal of the IJ's denial of Petitioner's motion to reopen. Rather, the BIA remanded the matter to the IJ "for further proceedings and the entry of a new decision consistent with the foregoing order." (Pet., Ex. B.)[2] Under these circumstances, Respondents have not shown the BIA's decision affected the finality of Petitioner's removal order.

There being a removal order that became final on January 26, 2026, Respondents had six months, or until July 26, 2026, to effectuate Petitioner's removal. They did not do so, and they have not presented any evidence that there is a significant likelihood Petitioner will be removed in the reasonably foreseeable future. Accordingly, the Court grants the Petition, and orders Respondents to release Petitioner forthwith. In accordance with this Order, the parties shall file a Joint Status Report on or before **November 17, 2026**,

---

[2] The Court acknowledges the BIA also "denied as moot" Petitioner's motion for a stay of removal. (*Id.*) That language suggests there was some sort of stay on Petitioner's removal at the time of the BIA's decision, but the basis for any such stay is not clear from the record. What is clear is the BIA's decision does not cite to 8 C.F.R. § 1241.1(a), the regulation Respondents rely on here, nor does that regulation speak in terms of a stay of removal.

confirming Petitioner has been released. The Clerk of Court shall enter judgment accordingly and close this case.

**IT IS SO ORDERED.**

Dated: November 10, 2026



Hon. Dana M. Sabraw
United States District Judge